UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Richard Weller,                                              Civ. No. 20-2412 (PAM/BRT)

                          Petitioner,

v.                                                                                    **ORDER**

United States of America,

                          Respondent.

---

This matter is before the Court on Petitioner David Richard Weller's Petition for Writ of Habeas Corpus and Application to Proceed in District Court without prepayment of fees and costs. In addition, Weller asks that the Court appoint an attorney for him, and the Petition includes a request for a temporary restraining order ("TRO"). See Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 8 (Docket No. 1).

Weller's request for counsel will be denied without prejudice. There is no constitutional or statutory right to counsel in habeas proceedings, but a district court has discretion to appoint counsel in appropriate circumstances. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In this case, the Court finds that neither the facts nor the legal issues are so complex as to warrant appointment of counsel. Weller has shown a threshold ability to articulate his claims and argue his positions. Moreover, the Court is presently satisfied that appointing counsel would not substantially benefit Weller or the Court.

Because Respondent has appeared in this action and has notice of the Petition and its contents, including the request for a TRO, the Court will construe Weller's request for

a TRO as a request for a preliminary injunction. Respondent is directed to respond to this preliminary-injunction request simultaneously with its response to the Petition itself. Weller may file a reply in support of his preliminary-injunction request simultaneously with any reply he might file in support of the Petition.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Respondent is directed to file an answer to the Petition for Writ of Habeas corpus of Petitioner David Richard Weller within 14 days of this Order's date, certifying the true cause and proper duration of Weller's confinement and showing cause why the Court should not grant the writ in this case. Respondent must also respond to Weller's request for injunctive relief within 14 days of this Order.

2. Respondent's answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Weller's incarceration, in light of the issues raised in the Petition;

    b. A reasoned memorandum of law and fact fully stating Respondent's legal position on Weller's claims (including, if necessary, any position challenging this Court's jurisdiction to address Weller's claims); and

    c. Respondent's recommendation on whether an evidentiary hearing should be conducted in this matter.

3. If Weller intends to file a reply to Respondent's answer or to respond to Respondent's memorandum regarding his request for injunctive relief, he must do so within 14 days of the date after the answer and response are filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4. Weller's request for the appointment of counsel (Docket No. 5) is **DENIED without prejudice**.

5. Weller's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 6) is **GRANTED**.

Dated:  December 23, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge