UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Richard Weller, | Civ. No. 20-2412 (PAM/BRT) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner David Richard Weller's Petition for Writ of Habeas Corpus. The Petition includes a request for a temporary restraining order ("TRO"), which the Court has construed as a motion for a preliminary injunction. (See Order (Docket No. 7) at 1-2.)

The Petition challenges the conditions of Weller's confinement at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). Weller is serving a Western District of Washington-imposed 10-year sentence for possession of child pornography and failure to register as a sex offender. (Pet. (Docket No. 1) at 1.) According to Weller, he has twice tested positive for COVID-19. He alleges that the Bureau of Prisons and prison officials at FCI Sandstone are not doing enough to contain the virus, rendering the conditions of his confinement unconstitutional. He asks the Court to release him to house arrest through the Veterans Administration. (Id. at 8.)

Weller's submissions mention that he has filed a motion for compassionate release from custody with his sentencing court. (Pet'r's Reply (Docket No. 14) at 2.) Such a

motion is the appropriate way for Weller to raise his concerns regarding his susceptibility to complications from COVID-19. The instant habeas petition is not.

As the Government argues, a habeas petition is an improper vehicle for the challenges Weller raises to the conditions of his confinement. Although Weller believes that his sentence was too long, he does not contend that the sentence was imposed illegally or in violation of the Constitution. Rather, he contends that the prison's handling of the pandemic is unconstitutional. His claims are therefore classic conditions-of-confinement claims that are not cognizable in a habeas-corpus action. Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014) (holding that "a habeas petition is not the proper claim to remedy" a conditions-of-confinement claim) (quoting Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)). A claim under 42 U.S.C. § 1983, and the concomitant requirement to pay a full filing fee in installments or otherwise, is required to raise a claim regarding the conditions of confinement. The Court thus lacks jurisdiction over Weller's Petition.

Moreover, even if the Court had jurisdiction, it could not grant Weller the relief he seeks. The BOP has sole discretion to determine whether prisoners warrant transfer to home confinement. 18 U.S.C. § 3624(c)(4). And had the Court construed the Petition as a motion for compassionate release under § 3582(c)(1)(A), only the sentencing court may grant such relief, and Weller has not in this Court's view established that he is entitled to compassionate release. He does not argue that he has underlying health conditions that render him susceptible to severe complications from COVID-19. Indeed, his own experience with relatively mild symptoms seems to indicate that he would not face such severe complications. His "mere speculation of the possibility" that he might suffer more

severe complications in the future is not sufficient to warrant compassionate release.  See United States v. Fry, No. 11cr141, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020).

Finally, having determined that there is no jurisdiction in this action for the claims Weller attempts to bring, his request for injunctive relief necessarily fails.

Accordingly, **IT IS HEREBY ORDERED that** the Petition for Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Thursday, February 25, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge